UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| TED K. KURIHARA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>JUDGE JEANETTE H. CASTAGNETTI,<br>JUDGE KEVIN T. MORIKONE,<br>NATASHA R. SHAW, and GALE L.F.<br>CHING,<br><br>　　　　　　Defendants. | CIV. NO. 25-00320 LEK-KJM |

**ORDER: DISMISSING, WITH PREJUDICE, PORTIONS OF PLAINTIFF'S
AMENDED COMPLAINT FOR VACATUR OF FINAL JUDGMENTS,
COMPENSATORY AND PUNITIVE DAMAGES, AND DECLARATORY RELIEF;
STRIKING THE MOTION TO DISMISS FILED ON OCTOBER 14, 2025;
AND DIRECTING DEFENDANTS CHING AND SHAW TO RESPOND
TO THE REMAINING PORTIONS OF THE AMENDED COMPLAINT**

The operative pleading in this case is pro se
Plaintiff Ted K. Kurihara's ("Plaintiff") Amended Complaint for
Vacatur of Final Judgments, Compensatory and Punitive Damages,
and Declaratory Relief ("Amended Complaint"), filed on
September 11, 2025. [Dkt. no. 12.] On October 1, 2025, this
Court issued an Order to Show Cause Why Portions of the Amended
Complaint Should Not Be Dismissed with Prejudice ("10/1 OSC").
[Dkt. no. 18.]

On October 9, 2025, Plaintiff filed a document, [dkt.
no. 20,] that has been liberally construed as a partial response
to the 10/1 OSC ("10/9 Response"). <u>See</u> entering order, filed

10/15/25 (dkt. no. 22). Plaintiff filed a supplemental response to the 10/1 OSC on October 24, 2025 ("10/24 Response"). [Dkt. no. 24.]

For the reasons set forth below, the following claims in the Amended Complaint are dismissed with prejudice: all of Plaintiff's claims against Defendant Judge Jeanette H. Castagnetti ("Judge Castagnetti"); all of Plaintiff's claims against Defendant Judge Kevin T. Morikone ("Judge Morikone"); Plaintiff's Title 42 United States Code Section 1983 claims against Defendant Natasha Shaw ("Shaw"); and Plaintiff's Section 1983 claims against Defendant Gale Ching ("Ching"). The only remaining claims are Plaintiff's state law claims against Shaw and Plaintiff's state law claims against Ching. Ching and Shaw are ordered to respond to the sole remaining portion of the Amended Complaint by **December 8, 2025.**

## BACKGROUND

The Amended Complaint challenges actions that Judge Castagnetti, in her individual and official capacities, and Judge Morikone, in his individual and official capacities, took during litigation that Plaintiff was involved in before the State of Hawai`i Probate Court ("the state court"). See Amended Complaint at pg. 3, ¶¶ 2-3; id. at ¶¶ 16, 22-23, 26. The Amended Complaint also challenges the actions of Shaw and Ching, attorneys who represented another party in the state court

2

proceedings. See id. at ¶¶ 4-6, 8-10.[1] Judge Castagnetti, Judge Morikone, Shaw, and Ching will be referred to collectively as "Defendants."

The Amended Complaint asserts the following counts: two Section 1983 claims against Defendants alleging violations of Plaintiff's Fourteenth Amendment right to procedural due process ("Counts I and III"); see id. at ¶¶ 27, 29; a Section 1983 claim against Shaw and Ching alleging fraud in the state court proceedings and conspiracy to violate Plaintiff's rights ("Count II"); see id. at ¶ 28; and a claim against Defendants that reiterates Plaintiff's Section 1983 procedural due process claims and that also alleges state law claims of "fraud, misappropriation, suppression of evidence, and unjust enrichment" ("Count IV"), see id. at ¶¶ 32-33.

In the 10/1 OSC, this Court noted that Plaintiff previously filed another action against Judge Castagnetti, Shaw, and Ching, Kurihara v. Castagnetti et al., CV 25-00138 HG-KJM ("CV 25-138"). See 10/1 OSC at 4-5 (summarizing the relevant background of CV 25-138). In CV 25-138, Plaintiff alleged the following claims: 1) a Section 1983 claim against Judge Castagnetti asserting violations of Plaintiff's Fourteenth

---

[1] Plaintiff states that Shaw is also a State of Hawai`i Family Court judge. However, Plaintiff's claims against Shaw arise from events that occurred while Shaw was acting as an attorney. See Amended Complaint at ¶ 4.

Amendment right to procedural due process; [CV 25-138, Amended Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983, and Request for Relief, filed 4/2/25 (dkt. no. 10) ("CV 25-138 Amended Complaint"), at ¶¶ 19-20;] 2) a Section 1983 claim against Judge Castagnetti asserting violations of Plaintiff's Fourteenth Amendment right to equal protection; [id. at ¶¶ 21-22;] and 3) a Section 1983 claim against Judge Castagnetti, Ching, and Shaw alleging a conspiracy to violate Plaintiff's civil rights, [id. at ¶¶ 23-25].

On July 8, 2025, the district court issued an order that, *inter alia*, granted Judge Castagnetti's motion to dismiss, granted Ching and Shaw's motion to dismiss, and denied Plaintiff's motion for leave to file a second amended complaint ("CV 25-138 7/8 Order"). [CV 25-138, dkt. no. 55.[2]] The district court ruled that Plaintiff's claims against Judge Castagnetti attempted to challenge rulings in the state court proceeding and therefore were barred under the Rooker-Feldman doctrine.[3] [CV 25-138 7/8 Order at 11-12.] In the alternative, the district court ruled that Plaintiff's claims against Judge Castagnetti in her official capacity were barred by the Eleventh Amendment, [id. at

_____

[2] The CV 25-138 7/8 Order is also available at 2025 WL 1898389.

[3] The Rooker-Feldman doctrine was developed in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983), and their progeny.

12-13,] and that Judge Castagnetti had judicial immunity from the claims in CV 25-138, [id. at 13-15]. As to Ching and Shaw, the district court ruled that Plaintiff could not sue them under Section 1983 because they were not state actors. [Id. at 19-22.]

The district court also ruled that any amendment of Plaintiff's claims against Judge Castagnetti and any amendment of Plaintiff's claims against Ching and Shaw would be futile. [Id. at 15-16, 22-23.] The CV 25-138 Amended Complaint was therefore dismissed with prejudice. [Id. at 25.]

Final judgment was entered pursuant to the CV 25-138 7/8 Order. [CV 25-138, Judgment in a Civil Case, filed 7/8/25 (dkt. no. 56).] Plaintiff did not file an appeal.

In the 10/1 OSC, this Court stated its inclinations based upon the judgment in CV 25-138 and the rulings in the CV 25-138 7/8 Order. See 10/1 OSC at 8-9, 11-12. Plaintiff was cautioned that, if this Court ruled consistently with the inclinations in the 10/1 OSC, his only remaining claims would be the state law claims in Count IV against Ching and Shaw. See id. at 12. Plaintiff was ordered to show cause why this Court should not rule consistently with the inclinations in the 10/1 OSC. [Id.]

Plaintiff has presented additional allegations regarding the events in the state court proceedings that form the basis of his claims in the instant case. See 10/9 Response

at ¶¶ 1-4; 10/24 Response at ¶¶ 3-14. The 10/24 Response also
includes legal arguments that Plaintiff presents to support his
claims. See, e.g., 10/24 Response at ¶¶ 15-23. As to the issues
that the 10/1 OSC directed Plaintiff to address, Plaintiff
argues:

-"[r]es judicata is inapplicable because prior dismissal in
     CV 25-00138 was procedural, not on the merits, and current
     claims allege fraud upon the court rendering prior judgment
     void"; [id. at ¶ 27 (citations omitted);] and

-"[b]ecause the fraud was committed outside judicial capacity
     for private benefit, judicial immunity does not apply,"
     [id. at ¶ 10 (citations omitted)].

### STANDARD

This district court has stated:

A federal court must screen an in forma
pauperis civil action to determine whether it is
"frivolous or malicious[,] . . . fails to state a
claim on which relief may be granted[,] or . . .
seeks monetary relief against a defendant who is
immune from such relief." 28 U.S.C.
§ 1915(e)(2)(B). And even if a Plaintiff has paid
the full filing fee, a court may dismiss a
complaint sua sponte provided the court "give[s]
notice of its intention to dismiss and afford[s]
plaintiffs an opportunity to at least submit a
written memorandum in opposition . . . ." Reed v.
Lieurance, 863 F.3d 1196, 1207 (9th Cir. 2017)
(citations and internal quotation marks omitted);
see also Seismic Reservoir 2020, Inc. v.
Paulsson, 785 F.3d 330, 335 (9th Cir. 2015)
("[T]he district court must give notice of its
sua sponte intention to dismiss . . . ."); 
Belanus v. Clark, 796 F.3d 1021, 1029 (9th Cir.
2015) ("A frivolous action clogs the system and
drains resources regardless of whether the
plaintiff pays the filing fee or proceeds in
forma pauperis.").

6

Kahoopii v. Hawai`i, CIV. NO. 25-00019 JMS-KJM, 2025 WL 238879, at *1 (D. Hawai`i Jan. 17, 2025) (alterations in Kahoopii). Thus, although Plaintiff paid the filing fee, see receipt, filed 8/5/25 (dkt. no. 6), this Court has conducted a screening review of Plaintiff's original complaint, [filed 7/30/25 (dkt. no. 1),] and the Amended Complaint.

## DISCUSSION

### I.    Preclusive Effect of CV 25-138

On July 8, 2025, a judgment was entered in CV 25-138, pursuant to an order that dismissed the CV 25-138 Amended Complaint with prejudice. [CV 25-138, order, filed 7/8/25 (dkt. no. 55) ("CV 25-138 7/8 Order");[4] id., Judgment in a Civil Case, filed 7/8/25 (dkt. no. 56) ("CV 25-138 Judgment").]

> The preclusive effect of a federal-court judgment is determined by federal common law. See Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 507-508 (2001). For judgments in federal-question cases . . . federal courts participate in developing "uniform federal rule[s]" of res judicata, which this Court has ultimate authority to determine and declare. Id., at 508. The federal common law of preclusion is, of course, subject to due process limitations. See Richards v. Jefferson County, 517 U.S. 793, 797 (1996).

Taylor v. Sturgell, 553 U.S. 880, 891 (2008) (some alterations in Taylor) (footnote omitted).

---

[4] The CV 25-138 7/8 Order is also available at 2025 WL 1898389.

The preclusive effect of a judgment is
defined by claim preclusion and issue preclusion,
which are collectively referred to as "res
judicata." Under the doctrine of claim
preclusion, a final judgment forecloses
"successive litigation of the very same claim,
whether or not relitigation of the claim raises
the same issues as the earlier suit." New
Hampshire v. Maine, 532 U.S. 742, 748 (2001).
Issue preclusion, in contrast, bars "successive
litigation of an issue of fact or law actually
litigated and resolved in a valid court
determination essential to the prior judgment,"
even if the issue recurs in the context of a
different claim. Id., at 748-749. By
"preclud[ing] parties from contesting matters
that they have had a full and fair opportunity to
litigate," these two doctrines protect against
"the expense and vexation attending multiple
lawsuits, conserv[e] judicial resources, and
foste[r] reliance on judicial action by
minimizing the possibility of inconsistent
decisions." Montana v. United States, 440 U.S.
147, 153-154 (1979).

A person who was not a party to a suit
generally has not had a "full and fair
opportunity to litigate" the claims and issues
settled in that suit. The application of claim
and issue preclusion to nonparties thus runs up
against the "deep-rooted historic tradition that
everyone should have his own day in court."
Richards, 517 U.S., at 798 (internal quotation
marks omitted). . . .

Id. at 892-93 (some alterations in Taylor) (footnote omitted).

Plaintiff argues that preclusion does not apply and

that "full adjudication" of his claims is required because he

asserts there was fraud in the state court orders that are at

issue in the instant case. See 10/24 Response at ¶ 3. Under

Hawai`i law, "*res judicata* will not bar claims of which the

plaintiff or petitioner was ignorant due to the fault or fraud of an adverse party." See Griffin ex rel. Griffin v. Davenport, No. CAAP-10-0000242, 2012 WL 1138937, at *3 (Hawai`i Ct. App. Apr. 5, 2012) (citing Bolte v. Aits, Inc., 60 Haw. 58, 62, 587 P.2d 810, 813-14 (1978)). However, the issue before this Court is not whether the judgment in the state court proceedings has preclusive effect; the issue is whether the CV 25-138 Judgment has preclusive effect. Because Plaintiff has not identified any evidence that there was fraud by an adverse party in CV 25-138, this Court rejects Plaintiff's argument that preclusion does not apply because of fraud.

### A.    Judge Morikone

Because Judge Morikone was not a party in CV 25-138, this Court concludes that neither claim preclusion nor issue preclusion applies between the CV 25-138 Judgment and Plaintiff's claims in the Amended Complaint against Judge Morikone.

### B.    Claim Preclusion

"Claim preclusion requires (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." Howard v. City of Coos Bay, 871 F.3d 1032, 1039 (9th Cir. 2017) (citation and internal quotation marks omitted).

1.   **Judge Castagnetti**

Plaintiff's claims against Judge Castagnetti in CV 25-138 were dismissed for lack of subject matter jurisdiction, pursuant to the Rooker-Feldman doctrine. See CV 25-138 7/8 Order at 11-12. The Eleventh Amendment immunity analysis and the judicial immunity analysis were set forth as alternative grounds for the dismissal. See id. at 12-15.

> A dismissal based on the Rooker-Feldman doctrine is a dismissal for lack of subject matter jurisdiction. See Wood v. County of Contra Costa, 2020 WL 1505717, at *3 n.7 (N.D. Cal. Mar. 30, 2020). "[A] dismissal for lack of subject matter jurisdiction does not 'operate[] as an adjudication on the merits[.]" Id. (quoting Fed. Civ. P. 41(b)); see also Costello v. United States, 365 U.S. 265, 285-86 (1961) (where claim alleged in first action was dismissed for lack of subject matter jurisdiction, holding res judicata did not bar plaintiff from realleging claim in subsequent action); see also Glaude v. Deutsche Bank, 2024 WL 664806, at *2 n.3 (N.D. Cal. Feb. 16, 2024) (a dismissal without prejudice based on Rooker-Feldman would not have res judicata effect). . . .

King v. Tarver, Case No. 2:24-cv-03757-DAD-CSK, 2025 WL 1167552, at *8 (E.D. Cal. Apr. 22, 2025) (some alterations in King).[5]

Because the dismissal of Plaintiff's claims against Judge Castagnetti in CV 25-138 was based on the Rooker-Feldman doctrine, the CV 25-138 Judgment as to Judge Castagnetti is not

---

[5] The magistrate judge's findings and recommendations in King were adopted by the district judge. 2025 WL 2402763 (Aug. 19, 2025).

a final judgment on the merits for purposes of claim preclusion.
Because the second requirement is not satisfied, claim
preclusion does not apply to Plaintiff's current claims against
Judge Castagnetti.

### 2.   Ching and Shaw

Plaintiff's claims against Ching and Shaw in CV 25-138
were dismissed for failure to state a plausible Section 1983
claim because the CV 25-138 Amended Complaint did not assert
that Ching and Shaw were state actors. See CV 25-138 7/8 Order
at 20-22. "Dismissal for failure to state a claim is a judgment
on the merits for purposes of claim preclusion." Save Bull Trout
v. Williams, 51 F.4th 1101, 1109 (9th Cir. 2022) (citation
omitted). The CV 25-138 Judgment was a judgment on the merits as
to Plaintiff's claims against Ching and Shaw in CV 25-138, and
the CV 25-138 Judgment became final when Plaintiff did not
appeal. The second claim preclusion requirement is therefore
satisfied as to Plaintiff's claims against Ching and Shaw.

This Court also finds that the third claim preclusion
requirement is satisfied as to Plaintiff, Ching, and Shaw, all
of whom were parties in CV 25-138 and are parties in the instant
case.

In determining whether the first claim preclusion
requirement is satisfied, courts consider the following
criteria:

> (1) whether rights or interests established
> in the prior judgment would be destroyed or
> impaired by prosecution of the second
> action; (2) whether substantially the same
> evidence is presented in the two actions;
> (3) whether the two suits involve
> infringement of the same right; and
> (4) whether the two suits arise out of the
> same transactional nucleus of facts.
>
> Harris v. Cty. of Orange, 682 F.3d 1126, 1132
> (9th Cir. 2012) (quoting United States v.
> Liquidators of European Fed. Credit Bank, 630
> F.3d 1139, 1150 (9th Cir. 2011)). These criteria
> are not applied "mechanistically." Garity v. APWU
> Nat'l Labor Org., 828 F.3d 848, 855 (9th Cir.
> 2016). "The fourth criterion is the most
> important." Harris, 682 F.3d at 1132.

Howard, 871 F.3d at 1039.

The claims in CV 25-138 also arose from the state

court proceedings that are at issue in the instant case. See,

e.g., CV 25-138 Amended Complaint at ¶ 9 ("Defendant Gale Ching,

an attorney, represented Douglas Kurihara in the Petition for

Accounting action. Defendants Shaw and Ching engaged in

misconduct, including misappropriation of $88,000 in trust

funds, suppression of evidence, and the filing of a malicious

Petition for Accounting."); Amended Complaint at ¶ 8 ("On

April 30, 2020, Shaw and Ching filed a malicious Petition for

Accounting against Plaintiff under the guise of protecting

Douglas' $400,000 inheritance . . . ."); Amended Complaint at

¶ 15 ("On March 10, 2021, Shaw and Ching proceeded to

misappropriate $88,387.33 from the Trust and concealed the
canceled checks . . . .").

In the instant case, Count I, Count III, and a portion
of Count IV assert Section 1983 claims against Ching and Shaw
based on alleged violations of Plaintiff's Fourteenth Amendment
right to procedural due process. See Amended Complaint at ¶¶ 27,
29, 32-33. Count II asserts a Section 1983 claim against Ching
and Shaw based on alleged fraud in the state court proceeding
and an alleged conspiracy to violate Plaintiff's rights. [Id. at
¶ 28.] Count IV also asserts various state law claims against
Ching and Shaw. [Id. at ¶¶ 32-33.]

The CV 25-138 Amended Complaint alleged a Section 1983
procedural due process claim, but the claim was not alleged
against either Ching or Shaw. See CV 25-138 Amended Complaint at
pg. 4. Further, the CV 25-138 Amended Complaint did not allege
any state law claims. See generally CV 25-138 Amended Complaint.
Thus, the first and third Harris criteria are not satisfied as
to either Plaintiff's Section 1983 procedural due process claim
against Ching and Shaw or Plaintiff's state law claims against
Ching and Shaw.

Like the Amended Complaint in the instant case, the
CV 25-138 Amended Complaint alleged a Section 1983 conspiracy
claim against Ching and Shaw. See id. at pg. 5; see also Amended
Complaint at pg. 7. Although the conspiracy claim in the

13

CV 25-138 Amended Complaint did not expressly allege fraud, as
Count II in the instant case does, the two conspiracy claims are
based on the same series of alleged acts. Compare CV 25-138
Amended Complaint at ¶ 24 ("Defendants conspired to obstruct
justice, conceal financial misconduct, and deny Plaintiff access
to crucial evidence, including canceled trust checks."), and id.
at ¶ 25 ("The fabricated Court Minute Order dated October 12,
2024, supports the existence of a conspiracy between Defendants
to deprive Plaintiff of his rights."), with Amended Complaint at
¶ 28 ("Shaw and Ching filed a malicious Petition for Accounting,
misappropriated trust funds, concealed evidence including the
trust's canceled checks, participated in and profited from the
fabricated October 12, 2024 Minute Order, and filed over 50
unauthorized pleadings and petitions to secure fraudulent
judgments . . . ."). Because both CV 25-138 and Count II in the
instant case alleged that Ching and Shaw conspired to violate
Plaintiff's civil rights, the third Harris criterion is
satisfied as to Count II in the instant case because "the two
suits involve the infringement of the same right." See Harris,
682 F.3d at 1132 (quotation marks and citation omitted).

    Further, because Plaintiff's Section 1983 conspiracy
claim against Ching and Shaw in CV 25-138 was dismissed with
prejudice, see CV 25-138 7/8 Order at 25, allowing Plaintiff to
pursue Count II in the instant case would destroy Ching's and

Shaw's respective interests in the CV 25-138 7/8 Order's
dismissal of the Section 1983 conspiracy claim. This Court
therefore finds that the first <u>Harris</u> criterion is satisfied as
to Count II in the instant case.

Finally, for the reasons described above, Plaintiff's
Section 1983 conspiracy claim against Ching and Shaw in
CV 25-138 and his Section 1983 conspiracy claim against Ching
and Shaw in the instant case "arise out of the same
transactional nucleus of facts," and proving both claims would
have involved "substantially the same evidence." <u>See</u> <u>Harris</u>, 682
F.3d at 1132 (quotation marks and citation omitted).

All of the <u>Harris</u> criteria exist as to Plaintiff's
Section 1983 conspiracy claim against Ching and Shaw in the
instant case. This Court therefore finds that Count II is
identical to Plaintiff's Section 1983 conspiracy claim against
Ching and Shaw in CV 25-138. Because all of the claim preclusion
requirements are satisfied, this Court concludes that Count II
of the Amended Complaint in the instant case must be dismissed
based on the preclusive effect of the CV 25-138 Judgment.

Because it is absolutely clear that Plaintiff cannot
cure the defect in his Section 1983 conspiracy claim against
Ching and Shaw, the dismissal must be with prejudice, <i>i.e.</i>,
without leave to amend. <u>See</u> <u>Lucas v. Dep't of Corr.</u>, 66 F.3d
245, 248 (9th Cir. 1995) (per curiam) ("Unless it is absolutely

clear that no amendment can cure the defect, however, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." (citations omitted)).

C.  **Issue Preclusion**

"The party asserting issue preclusion must demonstrate: (1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." Howard, 871 F.3d at 1041 (citation and internal quotation marks omitted).

In determining whether the first requirement is satisfied, courts consider four factors:

(1)  is there a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first?

(2)  does the new evidence or argument involve the application of the same rule of law as that involved in the prior proceeding?

(3)  could pretrial preparation and discovery related to the matter presented in the first action reasonably be expected to have embraced the matter sought to be presented in the second?

(4)  how closely related are the claims involved in the two proceedings?

Id. (citations omitted).

16

1. **Judge Castagnetti**

    a. **Procedural Due Process Claims**

    In both CV 25-138 and the instant case, Plaintiff alleged that Judge Castagnetti violated his Fourteenth Amendment right to procedural due process. Plaintiff's procedural due process claim in CV 25-138 was dismissed based upon the Rooker-Feldman doctrine, with Eleventh Amendment immunity and judicial immunity as alternate grounds for dismissal. There is substantial overlap in the two cases as to the issues of: whether Plaintiff's procedural due process claims are precluded under the Rooker-Feldman doctrine; whether Judge Castagnetti has Eleventh Amendment immunity from Plaintiff's procedural due process claims; and whether Judge Castagnetti has judicial immunity from Plaintiff's procedural due process claims. The resolution of these issues in the instant case would involve the same rule of law that the district court applied in CV 25-138. Thus, the first and second factors relevant to the first Howard issue preclusion requirement are satisfied.

    Plaintiff's procedural due process claims in the instant case arise from the same series of alleged events as Plaintiff's procedural due process claims in CV 25-138. Compare CV 25-138 Amended Complaint at ¶ 7 ("Defendant Judge Jeanette Castagnetti is a probate judge of The First Circuit Court in the State of Hawaii, acting under color of state law."), and id. at

17

¶ 16 ("Judge Castagnetti approved a fabricated Court Minute
Order dated October 12, 2024, which falsely exonerated attorneys
Shaw and Ching."), with Amended Complaint at ¶ 23 ("On
October 12, 2024, Judge Castagnetti issued a fabricated Minute
Order exonerating Shaw and Ching." (citation omitted)). Thus,
the motions practice in CV 25-138 could have reasonably been
expected to have embraced the issues currently before this Court
because Plaintiff has essentially alleged the same procedural
due process claims in the instant case that Plaintiff alleged in
CV 25-138. The third and fourth factors are also satisfied.

        Because all of the Howard factors are satisfied, see
Howard, 871 F.3d at 1041, this Court concludes that the
procedural due process issues that are at stake in the instant
case are identical to those that were at stake in CV 25-138. The
Rooker-Feldman issues, Eleventh Amendment immunity issues, and
judicial immunity were actually litigated and decided in
CV 25-138, and Plaintiff and Judge Castagnetti had a full and
fair opportunity to litigate these issues. Finally, the Rooker-
Feldman issue was necessary to the decision on the merits of
Plaintiff's procedural due process claims against Judge
Castagnetti in CV 25-138. Because all of the Howard requirements
are satisfied, see Howard, 871 F.3d at 1041, this Court
concludes that issue preclusion applies to the district court's
Rooker-Feldman analysis of Plaintiff's procedural due process

18

claims against Judge Castagnetti in CV 25-138. Therefore, for
the same reasons set forth in the CV 25-138 7/8 Order, this
Court concludes that Plaintiff's procedural due process claims
against Judge Castagnetti in the instant case are barred under
the Rooker-Feldman doctrine.

Plaintiff's procedural due process claims against
Judge Castagnetti in Counts I, II, and IV are dismissed. Because
it is absolutely clear that Plaintiff cannot amend those claims
to avoid the preclusive effect of the CV 25-138 7/8 Order, the
dismissal must be with prejudice.

### b.  **State Law Claims**

Plaintiff's state law claims against Judge Castagnetti
in Count IV arise from the same series of alleged events as
Plaintiff's procedural due process claims against Judge
Castagnetti. See Amended Complaint at ¶¶ 30-33. Thus,
Plaintiff's state law claims against Judge Castagnetti in
Count IV also challenge actions that Judge Castagnetti took in
the state court proceedings. The Rooker-Feldman doctrine applies
to state law claims. See, e.g., Mothershed v. Justs. of Sup.
Ct., 410 F.3d 602, 607-08 (9th Cir. 2005), *as amended on denial
of reh'g*, No. 03-16878, 2005 WL 1692466 (9th Cir. July 21, 2005)
(holding that the district court did not err in dismissing the
plaintiff's Section 1983 and state law tort claims that
challenged the results of Arizona disciplinary proceedings

19

because such claims were barred by the Rooker-Feldman doctrine). For the reasons set forth above regarding Plaintiff's procedural due process claims against Judge Castagnetti, issue preclusion applies, and the district court's Rooker-Feldman analysis in the CV 25-138 7/8 Order also applies to Plaintiff's state law claims against Judge Castagnetti in the instant case.

Plaintiff's state law claims against Judge Castagnetti in Count IV are dismissed. Because it is absolutely clear that Plaintiff cannot amend those claims to avoid the preclusive effect of the CV 25-138 7/8 Order, the dismissal must be with prejudice.

### 2. **Ching and Shaw**

#### a. **Procedural Due Process Claims**

As previously stated, there was no Section 1983 procedural due process claim asserted against Ching and Shaw in CV 25-138, but Plaintiff's Section 1983 conspiracy claim against Ching and Shaw was dismissed because they were not state actors. The issue of whether Ching and Shaw are state actors for the purposes of Plaintiff's procedural due process claims in the instant case substantially overlaps with the issue of whether Ching and Shaw were state actors for purposes of Plaintiff's Section 1983 conspiracy claim in CV 25-138. The resolution of the state actor issue in the instant case would involve the same rule of law that the district court applied in CV 25-138. Thus,

the first and second factors relevant to the first <u>Howard</u> issue
preclusion requirement are satisfied.

Plaintiff's Section 1983 procedural due process claims
against Ching and Shaw in the instant case and Plaintiff's
Section 1983 conspiracy claim against them in CV 25-138 both
arise from Ching and Shaw's actions in the state court
proceedings. Thus, the motions practice in CV 25-138 could have
reasonably been expected to have embraced the issues currently
before this Court because state action is a requirement for all
Section 1983 claims. <u>See</u> 42 U.S.C. § 1983 ("Every person who,
under color of any statute, ordinance, regulation, custom, or
usage, of any State . . . , subjects, or causes to be subjected,
any citizen of the United States or other person within the
jurisdiction thereof to the deprivation of any rights,
privileges, or immunities secured by the Constitution and laws,
shall be liable to the party injured . . . ."). The third and
fourth <u>Howard</u> factors are also satisfied.

Because all of the <u>Howard</u> factors are satisfied, this
Court concludes that the state actor issue was identical in both
proceedings. The state actor issue was actually litigated and
decided in CV 25-138; Plaintiff and Ching and Shaw had a full
and fair opportunity to litigate the issue; and the state actor
issue was necessary to the decision on the merits of Plaintiff's
Section 1983 conspiracy claim against Ching and Shaw in

21

CV 25-138. Because all of the <u>Howard</u> requirements are satisfied, this Court concludes that issue preclusion applies to the district court's state actor analysis of Plaintiff's Section 1983 conspiracy claim against Ching and Shaw in CV 25-138. Therefore, for the same reasons set forth in the CV 25-138 7/8 Order, this Court concludes that Plaintiff's procedural due process claims against Ching and Shaw in the instant case fail as a matter of law.

Plaintiff's procedural due process claims against Ching and Shaw in Counts I, II, and IV are dismissed. Because it is absolutely clear that Plaintiff cannot amend those claims to avoid the preclusive effect of the CV 25-138 7/8 Order, the dismissal must be with prejudice.

### b.    <u>State Law Claims</u>

The state actor issue that was necessary to the decision on the merits of Plaintiff's Section 1983 conspiracy claim against Ching and Shaw in CV 25-138 does not overlap with the issues that will be necessary to resolve Plaintiff's state law claims against Ching and Shaw in the instant case. This Court therefore concludes that issue preclusion does not apply to Plaintiff's state law claims in Count IV against Ching and Shaw. Plaintiff will be permitted to proceed on that portion of Count IV.

## II.  Persuasiveness of the Analysis in the CV 25-138 7/8 Order

Although neither claim preclusion nor issue preclusion applies to CV 25-138 for purposes of Plaintiff's claims against Judge Morikone in the instant case, the district court's analysis of the issues presented in Judge Castagnetti's motion to dismiss are highly relevant. The district court stated:

> Pursuant to the Rooker-Feldman doctrine, federal courts are without subject-matter jurisdiction to review state court decisions, and state court litigants may only obtain federal review by filing a petition for a writ of certiorari with the United States Supreme Court. Mothershed v. Justs. of the Sup. Ct., 410 F.3d 602, 606 (9th Cir. 2005) (citing Rooker v. Fid. Trust Co., 263 U.S. 413, 416 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 486-87 (1983)).
>
> Federal District Courts are barred from exercising jurisdiction over direct appeals of state court decisions and any de facto equivalent of such an appeal. Cooper v. Ramos, 704 F.3d 772, 777 (9th Cir. 2012). Courts pay close attention to the relief sought by the federal court plaintiff in determining whether an action is a de facto appeal. Id. at 777-78. A de facto appeal is found when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court and seeks relief from the judgment of that court. Id. at 778.
>
> Federal District Courts lack jurisdiction to review challenges to state court decisions, even if the federal lawsuit alleges that the state court's action was unconstitutional, as those challenges may only be reviewed by the United States Supreme Court. Mothershed, 410 F.3d at 607. As-applied constitutional claims are also barred because they constitute de facto appeals of state court decisions. Scheer v. Kelly, 817 F.3d 1183, 1186 (9th Cir. 2016).

[CV 25-138 7/8 Order at 11-12.] The district court concluded
that the Rooker-Feldman doctrine applied to Plaintiff's claims
against Judge Castagnetti because the CV 25-138 Amended
Complaint effectively asked the district court to review Judge
Castagnetti's decisions in the state court proceedings. [Id. at
12.] Similarly, in the instant case, Plaintiff asks this Court
to review decisions that Judge Morikone issued in the state
court proceedings. See, e.g., Amended Complaint at ¶ 3 (alleging
Judge Morikone "issued final judgments on July 11, 2025,
including dismissal of two pending petitions without hearings
seeking to expose the fabricated October 12, 2024 Minute Order
on which he relied on to issue his final judgment"). This Court
lacks jurisdiction to review Plaintiff's challenge to Judge
Morikone's decisions in the state court proceedings. See CV 25-
138 7/8 Order at 11-12 (citing Mothershed, 410 F.3d at 607).

        Plaintiff's claims against Judge Morikone are
dismissed. Because it is absolutely clear that Plaintiff cannot
amend his claims against Judge Morikone to avoid the effect of
the Rooker-Feldman doctrine, the dismissal must be with
prejudice. Because the Rooker-Feldman doctrine is a sufficient
ground for dismissal, this Court declines to address whether
Judge Morikone is entitled to Eleventh Amendment immunity and/or
judicial immunity.

## III. **Remaining Issues**

In light of the foregoing, the only remaining claims in the Amended Complaint are Plaintiff's state law claims against Ching and Shaw in Count IV.

The Amended Complaint includes a request for alternate service of the Amended Complaint on Judge Castagnetti, Judge Morikone, and Shaw. See Amended Complaint at pg. 11. This request is moot as to Judge Castagnetti and Judge Morikone because there are no remaining claims against them. In addition, the request is moot as to Shaw because Shaw and Ching have filed a motion to dismiss the Amended Complaint, [filed 10/14/25 (dkt. no. 21) ("Motion to Dismiss"),] and Shaw "is willing to waive service and seeks dismissal based on Fed. R. Civ. P. Rules 12(b)(6) and 9(b)." See Motion to Dismiss, Memorandum in Support of Motion at 1 n.1.

The 10/1 OSC expressly stated that Defendants were not required to respond to the Amended Complaint unless they were directed to do so by this Court. See 10/1 OSC at 13. Because this Court did not direct Ching and Shaw to respond to the Amended Complaint, their Motion to Dismiss is stricken.

Ching and Shaw are directed to file an answer to the remaining portion of the Amended Complaint, i.e. the state law claims in Count IV, by **December 8, 2025.**

## CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint for Vacatur of Final Judgments, Compensatory and Punitive Damages, and Declaratory Relief, filed September 11, 2025, is DISMISSED IN PART. Specifically, the following claims are DISMISSED WITH PREJUDICE: all of Plaintiff's claims against Judge Castagnetti; all of Plaintiff's claims against Judge Morikone; and Plaintiff's Section 1983 claims against Ching and Shaw. The only remaining claims in this case are Plaintiff's state law claims against Ching and Shaw in Count IV of the Amended Complaint.

Ching and Shaw's motion to dismiss the Amended Complaint, filed October 14, 2025, is STRICKEN, and Ching and Shaw are ORDERED to respond to the sole remaining portion of the Amended Complaint by **December 8, 2025.**

There are no remaining claims against either Judge Castagnetti or Judge Morikone. The Clerk's Office is therefore DIRECTED to terminate them as parties on **December 9, 2025.**

26

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 24, 2025.



/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

TED K. KURIHARA VS. JUDGE JEANETTE H. CASTAGNETTI, ET AL.; CV.
25-00320 LEK-KJM; ORDER:  DISMISSING, WITH PREJUDICE, PORTIONS
OF PLAINTIFF'S AMENDED COMPLAINT FOR VACATUR OF FINAL JUDGMENTS,
COMPENSATORY AND PUNITIVE DAMAGES, AND DECLARATORY RELIEF;
STRIKING THE MOTION TO DISMISS FILED ON OCTOBER 14, 2025; AND
DIRECTING DEFENDANTS CHING AND SHAW TO RESPOND TO THE REMAINING
PROTIONS OF THE AMENDED COMPLAINT