UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| TED K. KURIHARA,<br><br>            Plaintiff,<br><br>    vs.<br><br>JUDGE JEANETTE H. CASTAGNETTI,<br>JUDGE KEVIN T. MORIKONE,<br>NATASHA R. SHAW, and GALE L.F.<br>CHING,<br><br>            Defendants. | CIV. NO. 25-00320 LEK-KJM |

**ORDER: DENYING PLAINTIFF'S COMBINED MOTION FOR
RECONSIDERATION UNDER FED. R. CIV. P. 59(E) AND 60(B); AND
STRIKING THE PORTIONS OF PLAINTIFF'S SECOND AMENDED COMPLAINT
(42 U.S.C. § 1983 – FOURTEENTH AMENDMENT) ASSERTING CLAIMS THAT
WERE DISMISSED WITH PREJUDICE IN THE NOVEMBER 24, 2025 ORDER**

On November 24, 2025, this Court filed an Order:
Dismissing, with Prejudice, Portions of Plaintiff's Amended
Complaint for Vacatur of Final Judgments, Compensatory and
Punitive Damages, and Declaratory Relief; Striking the Motion to
Dismiss Filed on October 14, 2025; and Directing Defendants
Ching and Shaw to Respond to the Remaining Portions of the
Amended Complaint ("11/24/25 Order"). [Dkt. no. 32.[1]] On
December 15, 2025, pro se Plaintiff Ted K. Kurihara
("Plaintiff") filed a motion for reconsideration of the 11/24/25
Order ("Motion for Reconsideration"). [Dkt. no. 37.] The Motion

---

[1] The 11/24/25 Order is also available at 2025 WL 3282969.

for Reconsideration is suitable for disposition without a hearing and without further briefing. See Local Rule LR7.1(d); Local Rule LR60.1. Plaintiff's Motion for Reconsideration is denied for the reasons set forth below.

## BACKGROUND

The 11/24/25 Order addressed Plaintiff's Amended Complaint for Vacatur of Final Judgments, Compensatory and Punitive Damages, and Declaratory Relief ("Amended Complaint"), filed on September 11, 2025, [dkt. no. 12].[2] The defendants named in the Amended Complaint were: Judge Jeanette H. Castagnetti, in her official and individual capacity ("Judge Castagnetti"); Judge Kevin T. Morikone, in his official and individual capacity ("Judge Morikone"); Natasha Shaw ("Shaw"); and Gale Ching ("Ching" and collectively "Defendants"). See Amended Complaint at pgs. 3-4, ¶¶ 2-5. Judge Castagnetti and Judge Morikone were presiding judges over a case that Plaintiff was involved in before the State of Hawai`i Probate Court ("the state court"). See id. at ¶¶ 16, 22-23, 26. Shaw and Ching were attorneys representing another party in that case. See id. at ¶¶ 6, 8-10.

---

[2] The operative pleading in this case is now Plaintiff's Second Amended Complaint (42 U.S.C. § 1983 – Fourteenth Amendment) ("Second Amended Complaint"), filed on December 24, 2025, [dkt. no. 38,] as supplemented by Plaintiff's January 2, 2026 filings, [dkt. nos. 39, 40].

The Amended Complaint asserted the following counts: two Title 42 United States Code Section 1983 claims against Defendants alleging violations of Plaintiff's Fourteenth Amendment right to procedural due process ("Counts I and III"); a Section 1983 claim against Shaw and Ching alleging fraud in the state court proceedings and conspiracy to violate Plaintiff's rights ("Count II"); see id. at pg. 7; and a claim against Defendants that reiterated Plaintiff's Section 1983 procedural due process claims and that also alleged state law claims of "fraud, misappropriation, suppression of evidence, and unjust enrichment" ("Count IV"), see id. at pgs. 7-9.

The 11/24/25 Order dismissed Count II with prejudice on the ground that Plaintiff could not pursue the Section 1983 conspiracy claim against Shaw and Ching because claim preclusion applied, in light of the judgment issued in Plaintiff's prior action against Judge Castagnetti, Shaw, and Ching - Kurihara v. Castagnetti et al., CV 25-00138 HG-KJM ("CV 25-138"). See 11/24/25 Order at 11-16. In light of the proceedings and rulings in CV 25-138, all of Plaintiff's claims in the instant case against Judge Castagnetti and Plaintiff's procedural due process claims against Shaw and Ching in Counts I, II, and IV were dismissed, with prejudice, based on issue preclusion. See id. at 17-22. This Court also found that the district court's dismissal order in CV 25-138 was persuasive, and this Court applied the

3

district court's <u>Rooker-Feldman</u> analysis[3] to Plaintiff's claims against Judge Morikone in the instant case. <u>See</u> <u>id.</u> at 23-24; <u>see also</u>, CV 25-138, Order Granting Defendant Judge Jeannette H. Castagnetti's Motion to Dismiss Plaintiff Ted K. Kurihara's Amended Complaint (ECF No. 26) etc., filed 7/8/25 (dkt. no. 55) ("CV 25-138 7/8/25 Order").[4] Thus, following the 11/24/25 Order, the only remaining claims in the instant case were Plaintiff's state law claims against Shaw and Ching in Count IV of the Amended Complaint. <u>See</u> 11/24/25 Order at 26.

Plaintiff seeks reconsideration of the 11/24/25 Order pursuant to Rule 59(e) and Rule 60(b)(3), (4), and (6) of the Federal Rules of Civil Procedure. [Motion for Reconsideration at 1.] Plaintiff urges this Court to reconsider the 11/24/25 Order because he asserts there are:

1.   Newly discovered evidence;

2.   Clear error of law;

3.   Fraud, misrepresentation, and misconduct affecting the state probate orders;

4.   Void state judgments entered after judicial recusal and without jurisdiction; and

5.   Extraordinary circumstances requiring relief to prevent manifest injustice.

---

[3] The <u>Rooker-Feldman</u> doctrine was developed in <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923), <u>D.C. Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983), and their progeny.
[4] The CV 25-138 7/8/25 Order is also available at 2025 WL 1898389.

4

[Id. at 2.]

## STANDARD

Local Rule 60.1 states, in relevant part:

Motions seeking reconsideration of case-dispositive orders shall be governed by Fed. R. Civ. P. 59 or 60, as applicable. Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:

(a)  Discovery of new material facts not previously available;

(b)  Intervening change in law; and/or

(c)  Manifest error of law or fact.

Although the 11/24/25 Order dismissed most of the claims in the Amended Complaint with prejudice, because the order allowed some of Plaintiff's claims to proceed, the 11/24/25 Order is not a case-dispositive - *i.e.*, final – order. Therefore, in spite of Plaintiff's statement that he seeks relief pursuant to Rules 59(e) and 60(b), the Motion for Reconsideration will be considered under the Local Rule 60.1 standard. See United States v. 1982 Sanger 24' Spectra Boat, 738 F.2d 1043, 1046 (9th Cir. 1984) ("The moving party's label for its motion is not controlling. Rather, the court will construe it, however styled, to be the type proper for relief requested." (citation omitted)). Because Plaintiff does not assert that there has been an intervening change in the law since the 11/24/25 Order was

issued, the Motion for Reconsideration is construed as relying

upon Local Rule 60.1(a) and (c).[5]

　　　　The following principles apply when a district court

considers a Local Rule 60.1 motion for reconsideration:

> Reconsideration is an "extraordinary remedy,
> to be used sparingly in the interests of finality
> and conservation of judicial resources" and "may
> not be used to raise arguments or present
> evidence for the first time when they could
> reasonably have been raised earlier in the
> litigation." Kona Enters. Inc. v. Est. of Bishop,
> 229 F.3d 877, 890 (9th Cir. 2000) (citations,
> emphasis, and internal quotation marks omitted);
> see Exxon Shipping Co. v. Baker, 554 U.S. 471,
> 485 n.5 (2008); see also LR 60.1 ("Motions for
> reconsideration are disfavored."). A motion for
> reconsideration must "[f]irst, . . . demonstrate
> reasons why the court should reconsider its prior
> decision" and "[s]econd, . . . set forth facts or
> law of a strongly convincing nature to induce the
> court to reverse its prior decision." Yonemoto v.
> McDonald, 2015 WL 12711230, at *1 (D. Haw.
> Apr. 23, 2015) (internal quotation marks and
> citations omitted). Mere disagreement with a
> previous order is an insufficient basis for
> reconsideration, and reconsideration may not be
> based on evidence and legal arguments that could

---

[5] Local Rule 60.1 states that motions for reconsideration
brought pursuant to Local Rule 60.1(c) "must be filed and served
within fourteen (14) days after the court's order is issued."
Although Plaintiff filed the Motion for Reconsideration more
than fourteen days after the 11/24/25 Order was filed, this
Court considers the Motion for Reconsideration to be timely
because Plaintiff had a reasonable, although mistaken, belief
that he was filing the motion pursuant to Rules 59(e) and 60(b)
of the Federal Rules of Civil Procedure. See Fed. R. Civ.
P. 59(e) ("A motion to alter or amend a judgment must be filed
no later than 28 days after the entry of the judgment."); Fed.
R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made
within a reasonable time - and for reasons (1), (2), and (3) no
more than a year after the entry of the judgment or order or the
date of the proceeding.").

have been presented at the time of the challenged
decision. See Haw. Stevedores, Inc. v. HT & T
Co., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).
"Whether or not to grant reconsideration is
committed to the sound discretion of the court."
White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D.
Haw. 2006) (quoting Navajo Nation v. Confederated
Tribes and Bands of the Yakama Indian Nation, 331
F.3d 1041, 1046 (9th Cir. 2003)).

Alefosio v. Haw. Equal Emp. Opportunity Comm'n, CIV. NO. 24-

00329 JMS-RT, 2025 WL 1449029, at *1 (D. Hawai`i May 1, 2025)

(alterations in Alefosio).

## DISCUSSION

Plaintiff argues that "[n]ewly revealed and previously

unavailable evidence demonstrates that the Hawai`i probate

orders underlying the Court's dismissal were procured through

fraud, fabricated judicial records, concealment of dispositive

evidence, unauthorized litigation by withdrawn attorney Gale

Ching, and rulings issued by recused judges Jeanette Castagnetti

and Kevin Morikone acting without jurisdiction." [Motion for

Reconsideration at 4.] Specifically, Plaintiff cites: an

October 12, 2024 minute order, which he alleges was fabricated;

cancelled trust checks, which he alleges were withheld from him

in the state court proceedings; [id. at 7;] an April 30, 2020

Petition for Accounting, which he alleges "was baseless and

filed without exercising due diligence"; [id. at 8;] and more

than fifty filings by Ching after the state court approved his

withdrawal from the case, [id.]. Plaintiff also cites

7

unaddressed judicial misconduct during the state court proceedings. <u>See</u> <u>id.</u> at 7-8. These allegations do not constitute "new material facts not previously available," <u>see</u> Local Rule LR60.1(a), because Plaintiff was already aware of these purported facts and presented them when he filed his Amended Complaint. <u>See, e.g.</u>, Amended Complaint at ¶ 2 (alleging Judge Castagnetti "engaged in misconduct including denial of hearings, suppression of evidence, issuance of the fabricated October 12, 2024 Minute Order"); <u>id.</u> at ¶ 8 ("Shaw and Ching filed a malicious Petition for Accounting, misappropriated trust funds, concealed evidence including the trust's canceled checks, participated in and profited from the fabricated October 12, 2024 Minute Order, and filed over 50 unauthorized pleadings and petitions to secure fraudulent judgments . . . ."). Therefore, to the extent that Plaintiff seeks reconsideration of the 11/24/25 Order pursuant to Local Rule 60.1(a), the Motion for Reconsideration is denied.

Plaintiff also argues "[t]he state probate proceedings were not the product of neutral adjudication," and the "structural defects deprived Plaintiff of due process, rendered the state orders void as a matter of federal law," which Plaintiff contends "materially affected this Court's analysis." <u>See</u> Motion for Reconsideration at 4. This Court construes the remaining portions of Plaintiff's Motion for Reconsideration as

seeking reconsideration of the 11/24/25 Order pursuant to Local Rule 60.1(c). The Motion for Reconsideration, however, does not raise any argument addressing the preclusive effect of the judgment in CV 25-138. Plaintiff has therefore failed to identify any error of law or fact in this Court's dismissal of the claims against Judge Castagnetti or in the dismissal of Section 1983 claims against Shaw and Ching. To the extent that Plaintiff seeks reconsideration of the dismissal of those claims, the Motion for Reconsideration is denied.

As to his claims against Judge Morikone, Plaintiff argues that Judge Morikone took various actions in the state court proceedings that were void, and Plaintiff seeks reconsideration of the 11/24/25 Order because Plaintiff asserts this Court's order was based upon Judge Morikone's void orders. See Motion for Reconsideration at 9-10. The 11/24/25 Order did not address the merits of Plaintiff's arguments regarding the validity of Judge Morikone's orders because this Court concluded that, under the Rooker-Feldman doctrine, this Court lacked jurisdiction to review Plaintiff's claims against Judge Morikone, which challenged Judge Morikone's decisions in the state court proceedings. See 11/24/25 Order at 23-24. The Motion for Reconsideration does not identify any error of law or fact in this Court's Rooker-Feldman analysis. Plaintiff merely disagrees with this Court's decision not to address the merits

9

of his claims against Judge Morikone, and Plaintiff's mere disagreement is not a sufficient ground for reconsideration of the 11/24/25 Order. <u>See</u> <u>Haw. Stevedores</u>, 363 F. Supp. 2d at 1269. Therefore, to the extent that Plaintiff seeks reconsideration of the dismissal of his claims against Judge Morikone, the Motion for Reconsideration is denied.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff's Combined Motion for Reconsideration Under Fed. R. Civ. P. 59(e) and 60(b), filed December 15, 2025, is HEREBY DENIED in its entirety.

Because all of Plaintiff's requests for reconsideration of the 11/24/25 Order have been denied, the Second Amended Complaint remains the operative pleading in this case. To the extent that the Second Amended Complaint reasserts claims that were dismissed with prejudice in the 11/24/25 Order, those claims are STRICKEN from the Second Amended Complaint. Because all claims in the Second Amended Complaint against Judge Castagnetti and Judge Morikone have been stricken, Judge Castagnetti and Judge Morikone are not required to respond to the Second Amended Complaint.

On January 7, 2026, Shaw and Ching filed a motion to dismiss the Second Amended Complaint ("1/7/26 Motion"). [Dkt. no. 41.] Plaintiff's memorandum in opposition to the 1/7/26 Motion remains due on **January 23, 2026,** and the deadline for the

optional reply in support of the 1/7/26 Motion remains

**February 6, 2026.** <u>See</u> Minute Order - EO: Order Denying as Moot

Defendants Shaw and Ching's Motion to Dismiss the Amended

Complaint and Setting a Briefing Schedule for Defendants Shaw

and Ching's Motion to Dismiss the Second Amended Complaint,

filed 1/9/26 (dkt. no. 42).

   IT IS SO ORDERED.

   DATED AT HONOLULU, HAWAII, January 15, 2026.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**TED K. KURIHARA VS. JUDGE JEANETTE H. CASTAGNETTI, ET AL; CV 25-00320 LEK-KJM; ORDER:  DENYING PLAINTIFF'S COMBINED MOTION FOR RECONSIDERATION UNDER FED. R. CIV. P. 59(E) AND 60(B); AND STRIKING THE PORTIONS OF PLAINTIFF'S SECOND AMENDED COMPLAINT (42 U.S.C. § 1983 – FOURTEENTH AMENDENT) ASSERTING CLAIMS THAT WERE DISMISSED WITH PREJUDICE IN THE NOVEMBER 24, 2025 ORDER**