UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| TED K. KURIHARA,<br><br>                    Plaintiff,<br><br>      vs.<br><br>JUDGE JEANETTE H. CASTAGNETTI,<br>JUDGE KEVIN T. MORIKONE,<br>NATASHA R. SHAW, and GALE L.F.<br>CHING,<br><br>                    Defendants. | CIV. NO. 25-00320 LEK-KJM |

**ORDER GRANTING DEFENDANTS NATASHA R. SHAW AND GALE L.F. CHING'S
MOTION TO DISMISS PLAINTIFF TED K. KURIHARA'S
SECOND AMENDED COMPLAINT (42 U.S.C. § 1983 –
FOURTEENTH AMENDMENT), FILED DECEMBER 24, 2025 [ECF 38]**

Before the Court is Defendants Natasha R. Shaw ("Shaw") and Gale L.F. Ching's ("Ching" and collectively "Defendants") Motion to Dismiss Plaintiff Ted K. Kurihara's Second Amended Complaint (42 U.S.C. § 1983 – Fourteenth Amendment), Filed December 24, 2025 [ECF 38] ("Motion"), filed on January 7, 2026. [Dkt. no. 41.] Pro se Plaintiff Ted K. Kurihara ("Plaintiff") filed his opposition to the Motion on January 15, 2026. [Dkt. no. 43.] Plaintiff subsequently filed: a notice of supplemental authority on January 20, 2026; a notice of supplemental jurisdictional authority on January 30, 2026; a notice of a related case in state court on February 2, 2026; and another notice of supplemental authority on February 2, 2026.

[Dkt. nos. 45, 50, 51, 52.] The Motion is suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Defendants' Motion is granted for the reasons set forth below.

<u>**BACKGROUND**</u>

On July 30, 2025, Plaintiff filed a Complaint for Compensatory and Punitive Damages and for Declaratory Relief Pursuant to 42 U.S.C. § 1983 (Fourteenth Amendment Due Process Violations) ("Complaint"). [Dkt. no. 1.] The defendants in the original Complaint were Judge Jeanette H. Castagnetti ("Judge Castagnetti") and Judge Kevin T. Morikone ("Judge Morikone"), in their individual capacities. [Complaint at ¶ 1.] The original Complaint challenged actions that Judge Castagnetti and Judge Morikone took during litigation that Plaintiff was involved in before the State of Hawai`i Probate Court ("the state court"). [<u>Id.</u> at ¶¶ 1-4.] This Court informed Plaintiff that it intended to dismiss the Complaint without prejudice, pursuant to judicial immunity and the <u>Rooker</u>-<u>Feldman</u> doctrine.[1] <u>See generally</u> Order to Show Cause Why Complaint Should Not Be Dismissed Without Prejudice, filed 8/13/25 (dkt. no. 9) ("8/13/25 OSC").

---

[1] The <u>Rooker</u>-<u>Feldman</u> doctrine was developed in <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923), <u>D.C. Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983), and their progeny.

2

Instead of filing a response to the 8/13/25 OSC, Plaintiff filed an Amended Complaint for Vacatur of Final Judgments, Compensatory and Punitive Damages, and Declaratory Relief ("Amended Complaint") on September 11, 2025. [Dkt. no. 12.] Like the original Complaint, the Amended Complaint arose from events that occurred before the state court. Compare Amended Complaint at ¶¶ 23-24 (allegations regarding the October 12, 2024 minute order issued by Judge Castagnetti and the July 11, 2025 judgment issued based upon that minute order), with Complaint at ¶ 4 (allegations regarding the October 12, 2024 minute order), and Complaint at ¶¶ 15-24 (allegations regarding the July 11, 2025 judgment). The Amended Complaint named Judge Castagnetti and Judge Morikone as defendants in their official and individual capacities. [Amended Complaint at ¶¶ 2-3.] In addition, the Amended Complaint added Shaw and Ching, attorneys who appeared in the state court proceedings, as defendants. See id. at ¶¶ 4-5.[2] The Amended Complaint asserted the following counts: two Title 42 United States Code Section 1983 claims against all four defendants alleging violations of Plaintiff's Fourteenth Amendment right to procedural due process ("Counts I and III"); see id. at ¶¶ 27,

---

[2] Plaintiff stated that Shaw is also a State of Hawai`i Family Court judge. Plaintiff's claims against Shaw arose from events that occurred while Shaw was acting as an attorney. See Amended Complaint at ¶ 4.

3

29; a Section 1983 claim against Shaw and Ching alleging fraud in the state court proceedings and conspiracy to violate Plaintiff's rights ("Count II"); see id. at ¶ 28; and a claim against all four defendants that reiterated Plaintiff's Section 1983 claim alleging procedural due process violations and that alleges state law claims of "fraud, misappropriation, suppression of evidence, and unjust enrichment" ("Count IV"), see id. at ¶¶ 32-33.

On November 24, 2025, this Court issued an order ("11/24/25 Order") that dismissed, with prejudice: all of Plaintiff's claims in the Amended Complaint against Judge Castagnetti; all of Plaintiff's claims against Judge Morikone; and Plaintiff's Section 1983 claims against Shaw and Ching. [Dkt. no. 32 at 26.[3]] Thus, the only remaining claims were Plaintiff's state law claims against Shaw and Ching in Count IV of the Amended Complaint, and Shaw and Ching were ordered to respond to those claims. [Id.]

On December 8, 2025, Shaw and Ching filed a motion to dismiss the remaining portions of the Amended Complaint ("12/8/25 Motion"). [Dkt. no. 33.] Plaintiff filed his

---

[3] The 11/24/25 Order is also available at 2025 WL 3282969. On December 15, 2025, Plaintiff filed a motion for reconsideration of the 11/24/25 Order. [Dkt. no. 37.] This Court denied the motion for reconsideration in an order issued on January 15, 2026. Dkt. no. 44, *available at* 2026 WL 118845.

opposition to the 12/8/25 Motion on December 15, 2025. [Dkt. no. 36.]

On December 24, 2025, while the 12/8/25 Motion was still pending, Plaintiff filed his Second Amended Complaint (42 U.S.C. § 1983 – Fourteenth Amendment) ("Second Amended Complaint"). [Dkt. no. 38.] On January 2, 2026, Plaintiff filed two documents, [dkt. nos. 39, 40,] that have been liberally construed as supplements to the Second Amended Complaint. See Minute Order - EO: Order Denying as Moot Defendants Shaw and Ching's Motion to Dismiss the Amended Complaint and Setting a Briefing Schedule for Defendants Shaw and Ching's Motion to Dismiss the Second Amended Complaint, filed 1/9/26 (dkt. no. 42) ("1/9/26 EO"), at PageID.544-45.

On January 7, 2026, Shaw and Ching filed the Motion that is currently before this Court. In the 1/9/26 EO, this Court noted that it could strike the Second Amended Complaint because Plaintiff had already used the one permitted amendment as a matter of course. [Id. at PageID.545 (citing Fed. R. Civ. P. 15(a)(1)).] This Court, however, declined to strike the Second Amended Complaint, and instead denied the 12/8/25 Motion as moot and stated that it would rule on the merits of the Motion. [Id.]

The Second Amended Complaint asserts that this case "is a civil-rights action under 42 U.S.C. § 1983 for violations

of Plaintiff's procedural due process rights under the Fourteenth Amendment." [Second Amended Complaint at ¶ 1 (emphases omitted).] The Second Amended Complaint names the following defendants: Judge Castagnetti and Judge Morikone, in their individual and official capacities; and Shaw and Ching, in their individual capacities. See id. at ¶¶ 8-11. The only claim asserted in the Second Amended Complaint is a Section 1983 claim alleging the denial of Plaintiff's right to procedural due process. See id. at pgs. 5-6.

In the instant Motion, Shaw and Ching argue that the Second Amended Complaint should be dismissed because the 11/24/25 Order dismissed Plaintiff's Section 1983 procedural due process claims with prejudice. [Motion at 2.]

## DISCUSSION

### I.   Claims Against Judge Castagnetti and Judge Morikone

In light of the 11/24/25 Order, which dismissed all of Plaintiff's claims against them with prejudice, Judge Castagnetti and Judge Morikone were terminated as parties to this case on December 9, 2025. Thus, Judge Castagnetti and Judge Morikone were not parties in this case when Plaintiff filed the Second Amended Complaint. Further, there was no stipulation or order permitting Plaintiff to add them as defendants. See Fed. R. Civ. P. 15(a)(2) (stating that, except where amendment is permitted as a matter of course, "a party may amend its pleading

6

only with the opposing party's written consent or the court's leave"). The claim against Judge Castagnetti and Judge Morikone in the Second Amended Complaint is therefore stricken.

## II.   Claims Against Defendants

### A.    Claims in the Second Amended Complaint

The Second Amended Complaint asserts a Section 1983 procedural due process claim against Defendants. See Second Amended Complaint at pgs. 5-6. The Second Amended Complaint is based upon the same state court proceedings that were at issue in the Amended Complaint. Compare Amended Complaint at ¶¶ 23-24 (allegations regarding the October 12, 2024 minute order and the July 11, 2025 judgment issued based upon that minute order), with Second Amended Complaint at ¶¶ 17-18 (allegations regarding the same minute order and judgment), and dkt. no. 39 at ¶ 5 (alleging the July 11, 2025 judgment was void), and dkt. no. 40 at ¶¶ 4-6 (allegations regarding the July 11, 2025 judgment). Plaintiff alleges that Shaw and Ching are state actors for purposes of his Section 1983 claim because they "engaged in joint action with state actors by invoking judicial authority, benefiting from reliance on suppressed or inconsistent records, and participating in proceedings that denied Plaintiff basic procedural safeguards." [Second Amended Complaint at ¶ 22.]

This Court rejects Plaintiff's assertion that the allegations of the Second Amended Complaint "do not restate

prior claims," see dkt. no. 40 at ¶ 3, and this Court concludes that the Second Amended Complaint asserts the same Section 1983 procedural due process claim against Defendants that this Court dismissed with prejudice in the 11/24/25 Order. The claim in the Second Amended Complaint is therefore dismissed with prejudice for the reasons stated in the 11/24/25 Order. See 11/24/25 Order at 20-22.

**B.      State Law Claims in Count IV of the Amended Complaint**

The 11/24/25 Order permitted Plaintiff to proceed on the portion of Count IV of the Amended Complaint that alleged state law claims against Shaw and Ching. See id. at 22. However, because the Second Amended Complaint does not reassert those claims, they are no longer before this Court. See Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010) ("As a general rule, when a plaintiff files an amended complaint, the amended complaint supercedes the original, the latter being treated thereafter as non-existent." (brackets, citation, and internal quotation marks omitted)). By failing to reassert his state law claims against Shaw and Ching from Count IV of the Amended Complaint in the Second Amended Complaint, Plaintiff has effectively voluntarily dismissed those claims, and they are now waived. See Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled

8

in a subsequent amended complaint to preserve them for appeal. But **for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.**" (emphasis added)).[4] This Court makes no findings or conclusions regarding the merits of the state law claims against Shaw and Ching that were alleged in Count IV of the Amended Complaint.

### CONCLUSION

For the foregoing reasons, Shaw and Ching's January 7, 2026 Motion to Dismiss Plaintiff Ted K. Kurihara's Second Amended Complaint (42 U.S.C. § 1983 – Fourteenth Amendment), Filed December 24, 2025 [ECF 38] is GRANTED. Plaintiff's claim against Shaw and Ching in the Second Amended Complaint is DISMISSED WITH PREJUDICE. Further, the claim in the Second Amended Complaint that Plaintiff attempted to assert against Judge Castagnetti and Judge Morikone is STRICKEN.

There being no remaining claims in this case, the Clerk's Office is DIRECTED to enter judgment in favor of the defendants and to close the case, pursuant to the 11/24/25 Order and the instant Order, on **May 1, 2026.**

---

[4] Lacey has been superseded by rule on other grounds. See Hensley v. Bank of New York Mellon, No. CV-12-01248-PHX-JAT, 2013 WL 791294, at *7 (D. Ariz. Mar. 4, 2013).

9

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 16, 2026.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

TED K. KURIHARA VS. JUDGE JEANETTE H. CASTAGNETTI, ET AL; CV 25-00320 LEK-KJM; ORDER GRANTING DEFENDANTS NATASHA R. SHAW AND GALE L. F. CHING'S MOTION TO DISMISS PLAINTIFF TED K. KURIHARA'S SECOND AMENDED COMPLAINT (42 U.S.C. § 1983 – FOURTEENTH AMENDMENT), FILED DECEMBER 24, 2025 [ECF 38]